WILLIAM CHARLES HEILMAN, PLAINTIFF-RESPONDENT, v. WILLIAM J. MEADOWS, DEFENDANT-APPELLANT.

Submitted May 31, 1935—Decided October 9, 1935.

For the plaintiff-respondent, *Katzenbach, Gildea & Rudner* (*Charles A. Bonnell* and *William V. Lee,* on the brief).

For the defendant-appellant, *Wall, Haight Carey & Hartpence* (*Robert K. Bell* and *John A. Hartpence,* on the brief).

Per Curiam.

This is an appeal from a judgment of the Supreme Court, Cape May county, in favor of the plaintiff and against the defendant. The judgment was for property damage as well as personal injuries sustained by the plaintiff as a result of

an almost head-on collision between two automobiles, owned by the plaintiff and defendant respectively.

The plaintiff's testimony was that his car was at a standstill and well off the concrete pavement, standing on the dirt shoulder of the road, on the right-hand side, and that the defendant, coming from the opposite direction, crashed into the front of his car on the left side.

The appellant argues that there should have been a nonsuit entered against the plaintiff and that there should have been a direction of verdict in the defendant's favor. After the verdict the appellant had the benefit of a rule to show cause in which, among other reasons in support of the rule, it was argued that the verdict was "the result of bias, passion and prejudice of and improper and illegal influence upon the jury." This is another way of saying that the verdict was against the weight of the evidence. This ground having been disposed of contrary to the appellant's contention, the two grounds for reversal, namely, refusal to nonsuit and refusal to direct a verdict, cannot be made grounds of appeal. *Cleaves* v. *Yeskel*, 104 *N. J. L.* 497; *Robins* v. *Mack International Motor Truck Corp.*, 113 *Id.* 377.

The remaining grounds for reversal are without merit, and there is no evidence to support the argument that the court abused its discretion in its determination of the rule to show cause.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 16.

*For reversal*—None.